IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LATORSHA ADAMS, Individually and on Behalf of All Others Similarly Situated, *Plaintiff*, v. DICKEY'S BARBECUE RESTAURANTS, INC., and DICKEY'S CAPITAL GROUP *Defendants*. | Civil Action No. 3:20-cv-3603 _____ |

# NOTICE OF REMOVAL

Pursuant to the Class Action Fairness Act of 2005, codified at 28 U.S.C. §§ 1332(d) and 1453 ("CAFA"), Defendants Dickey's Barbecue Restaurants, Inc. and Dickey's Capital Group, Inc., erroneously named as "Dickey's Capital Group," (together, "Defendants"), remove the above-captioned action, *Latorsha Adams v. Dickey's Barbecue Restaurants, Inc. and Dickey's Capital Group*, Cause No. CC-20-05241-B (the "State Court Action"), from the County Court at Law No. 2 of Dallas County, Texas (the "Dallas County Court") to the United States District Court for the Northern District of Texas.

## I.    NATURE OF THE ACTION

1. On December 3, 2020, Plaintiff filed the State Court Action. Plaintiff brings the State Court Action both individually and on behalf of a putative nationwide class of similarly situated individuals (the "Class"). Plaintiff describes the State Court Action as "a consumer class action for damages and injunctive relief against Defendants for damages sustained by Plaintiff and other members of the putative class as a result of Defendants' failure to maintain the security of

NOTICE OF REMOVAL – Page 1

the financial and personal information disseminated to Defendants in the course of ordering and purchasing Dickey's restaurant goods and services." (Orig. Pet. at p. 1.)

2. The State Court Action defines the putative nationwide Class as "All persons who provided PII (including payment card information) to Dickey's and whose PII was accessed, compromised, or stolen from Dickey's in the Data Breach[.]" (*Id.* ¶ 60.) Plaintiff does not limit the Class by geographic location.

3. Plaintiff's Original Petition asserts six claims for relief under Texas law: Negligence, Invasion of Privacy, Breach of Implied Contract, Unjust Enrichment, Breach of Fiduciary Duty, and Breach of Confidence. (*Id.* ¶¶ 74–170.)

4. Plaintiff, on behalf of herself and the putative Class, alleges that she and the putative Class have suffered the following damages:

> (i) actual identity theft; (ii) the loss of the opportunity to determine how their PII is used; (iii) the compromise, publication, and/or theft of their PII; (iv) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of their PII; (v) lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the actual and future consequences of the Data Breach, including but not limited to efforts spent researching how to prevent, detect, contest, and recover from tax fraud and identity theft; (vi) costs associated with placing freezes on credit reports; (vii) the continued risk to their PII, which remain in Defendants' possession and is subject to further unauthorized disclosures so long as Defendants fail to undertake appropriate and adequate measures to protect the PII of customers in its continued possession; (viii) future costs in terms of time, effort, and money that will be expended to prevent, detect, contest, and repair the impact of the PII compromised as result of the Data Breach for the remainder of the lives of Plaintiff and Class Members; and (ix) the diminished value of Defendants' goods and services they received.

(*Id.* ¶¶ 100, 135, 146, 157, 169.)

## II.     REMOVAL IS PROCEDURALLY PROPER

5.     Venue is proper in this Court be cause the State Court Action is being removed from Dallas County Court at Law No. 2, which lies within the Northern District of Texas. *See* 28 U.S.C. §§ 1441(a), 1446(a).

6.     This Notice of Removal is timely filed because thirty days have not elapsed from Defendants' receipt of Plaintiff's Citation and/or Original Petition. *See* 28 U.S.C. § 1446(b). Defendants were served on December 7, 2020.

7.     A written notice attaching a copy of this Notice of Removal is being served on Plaintiff and filed with the Clerk of Dallas County Court at Law No. 2. *See* 28 U.S.C. § 1446(d).

8.     True and correct copies of process, pleadings, and orders filed in the State Court Action are attached hereto, as required by 28 U.S.C. § 1446 and LR 81.1:

**EXHIBIT A**:  A civil cover sheet.

**EXHIBIT B**:  A supplemental civil cover sheet.

**EXHIBIT C**:  A true and correct copy of the state court docket sheet.

**EXHIBIT D**:  True and correct copies of all pleadings asserting causes of action, all answers to such pleadings, and all orders signed by the state judge, along with an index of documents that clearly identifies each document and indicates the date the document was filed in state court.

**EXHIBIT E**:  A separately signed Certificate of Interested Parties that complies with LR 3.1(c).

## III.     THE COURT HAS JURISDICTION OVER THIS PUTATIVE NATIONWIDE CLASS ACTION

9.     This action is within the Court's original jurisdiction, and removal is proper under CAFA. CAFA grants district courts original jurisdiction over putative class actions in which: (i) the putative class consists of at least 100 proposed class members; (ii) the aggregate amount in controversy exceeds $5 milling, exclusive of interest and costs; and (iii) any member of the

putative class of plaintiffs is a citizen of a state different from that of any defendant. Jurisdiction under CAFA is determined at the time of removal. *Boulanger v. Devlar Energy Mktg.*, LLC, No. 3:15-CV-3032-B, 2015 U.S. Dist. LEXIS 154146, at *17–18 (N.D. Tex. Nov. 13, 2015). As explained below, this action satisfies each of the requirements for original jurisdiction under CAFA.

10. <u>Covered Class Action</u>. Plaintiff filed this action "as a Texas class action brought under Texas Rule of Civil Procedure 42." (Orig. Pet. ¶ 7.) Without conceding that there is any merit to Plaintiff's class allegations or claims, that this action meets CAFA's definition of a "class action," which is "any action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B).

11. <u>Class Action Consisting of More than 100 Members</u>. Plaintiff's Original Petition alleges, "The data stolen during this Data Breach was taken from over 100 Dickey's restaurant locations across approximately 30 states. The Data Breach affected approximately 3 million customers from approximately May 2019 to September 2020." (Orig. Pet. ¶ 13.) The requirement of 28 U.S.C. § 1332(d)(5) is satisfied because the putative Class consists of at least 100 proposed class members. (*See id.* ¶ 62 ("While the exact number of Class Members is unknown to Plaintiff at this time, it is estimated that approximately 3 million Dickey's customers were affected by the Data Breach.").)

12. <u>Diversity</u>. CAFA's diversity requirement is satisfied because "any member of a class of Plaintiffs is a citizen of a State different from any Defendant." 28 U.S.C. § 1332(d)(2)(A).

    a. Plaintiff alleges that she is domiciled in Texas. (Orig. Pet. ¶ 8.) Plaintiff is a citizen of Texas for diversity purposes.

    b.  Defendants are Texas corporations with their principal places of business in Texas. Defendants are citizens of Texas for diversity purposes.

    c.  At least one member of Plaintiff's proposed Class is a citizen of a state different from Dickey's. Plaintiff's putative Class is defined without geographic restriction as: "All persons who provided PII (including payment card information) to Dickey's and whose PII was accessed, compromised, or stolen from Dickey's in the Data Breach[.]" (Orig. Pet. ¶ 60.) Plaintiff alleges that "[t]he data stolen during this Data Breach was taken from over 100 Dickey's restaurant locations across approximately 30 states." (*Id.* ¶ 13.)  Plaintiff asserts that "as many as 156 Dickey's locations across 30 states likely had payment systems breached by card-stealing malware, with the most cases in California and Arizona." (*Id.* ¶ 17.) Plaintiff alleges that "[t]he hackers may continue to use the information they obtained as a result of Defendants' inadequate security to exploit and injure Class members across the United States." (*Id.* ¶ 4.) Plaintiff's Class definition thus encompasses persons and entities with citizenship of states other than Texas.

  13.  <u>Amount in Controversy</u>. Under CAFA, the claims of the individual Class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (d)(6). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). A removing defendant's initial burden with respect to CAFA's $5,000,000 amount in controversy requirement is to present a plausible allegation of the amount at stake in its notice of removal. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87–88 (2014).[1]

---

[1] A removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail. *Dart Cherokee*, 574 U.S. at 83; *see also Hertz Corp. v.*

        a.     *Damages*. It is facially apparent from the Original Petition that this action satisfies CAFA's amount in controversy requirement. In its Civil Case Information Sheet filed in the Dallas County Court and attached hereto with Exhibit D, Plaintiff indicates that "Over $1,000,000" in damages are sought. *See* Civil Case Information Sheet, at Ex. D. Moreover, given the alleged number of individuals in the proposed Class, CAFA's amount-in-controversy requirement would be satisfied if each putative Class member claimed entitlement to or put in controversy just $1.50. Plaintiff alleges "immense damages" to her and the Class. (Orig. Pet. ¶ 96.) These allegations include:

        i.     "Plaintiff and the Class incurred actual monetary damages in that they overpaid for the products and services purchased from Dickey's." (*Id.* ¶ 52.)

        ii.     "Plaintiff and the Class have suffered . . . monetary losses arising from unauthorized bank account withdrawals, fraudulent card payments, and/or related bank fees charged to their accounts." (*Id.* ¶ 53.)

        iii.     Plaintiff also alleges that the putative Class members have suffered damages from "the costs associated with identity theft and the increased risk of identity theft"; "the cost of credit"; and "the opportunity cost and value of time that Plaintiff and the Class have been forced to expend to monitor their financial and bank accounts as a result of the Data Breach." (*Id.* ¶¶ 56–58.) Plaintiff alleges that "damages also include the cost of obtaining replacement and debit cards." (*Id.* ¶ 58.) It is reasonable to infer that these alleged damages, which Plaintiff indicates are "Over $1,000,000" would aggregate across the putative nationwide Class to meet CAFA's jurisdictional minimum.

---

*Friend*, 559 U.S. 77, 96-97 (2010) ("When challenged on allegations of jurisdictional facts, the parties [who assert jurisdiction] must support their allegations by competent proof.").

b.      *Injunctive Relief.* Plaintiff seeks not just "actual damages," but also injunctive relief, including "not less than three years of credit card monitoring services for Plaintiff and the other members of the Class." (*Id.* at p. 39.) The cost of providing three years of credit monitoring to three million people would alone satisfy CAFA's threshold. *See Porras v. Sprouts Farmers Mkt., LLC*, EDCV 16-1005 JGB (KKx), 2016 U.S. Dist. LEXIS 96805 (C.D. Cal. July 25, 2016) (recognizing that cost of credit monitoring is reasonably considered in CAFA amount-in-controversy calculation and that an estimated monthly rate for credit monitoring of $15.95 per class member is reasonable).

c.      *Punitive Damages, and Attorneys' Fees*. Plaintiff also demands "punitive damages" and "attorneys' fees," both of which are included in CAFA's amount-in-controversy calculus. *See Laffin v. NFL*, No. 3:11-cv-0345-M, 2011 U.S. Dist. LEXIS 39688, at *6–7 (N.D. Tex. Apr. 12, 2011). As Chief Judge Lynn calculated in *Laffin*, given Plaintiff's statement that "Over $1,000,000" in damages are being sought, the amount of potential exemplary damages under state law, Tex. Civ. Prac. & Rem. Code § 41.008, plus attorneys' fees could equal $2,400,000 standing alone. *See id.*

14.     Defendants dispute that they are liable to Plaintiff or the putative Class, or that Plaintiff or the putative Class suffered any injury or incurred damages in any amount whatsoever as a result of Defendants' alleged conduct. But for purposes of satisfying the jurisdictional prerequisites of CAFA, it is facially apparent from Plaintiffs' allegations that the amount in controversy exceeds $5 million.

15.     By filing this Notice, Defendants do not waive any jurisdictional objection or other defense that is or may be available.

## IV. JURY DEMAND

16. Plaintiff filed a jury demand in the Dallas County Court on December 3, 2020.

## V. CONCLUSION

Defendants hereby remove the above-styled and captioned cause pending in the Dallas County Court of Law No. 2 to this Court under 28 U.S.C. § 1332(d) and request that further proceedings be conducted in the Dallas Division of the U.S. District Court for the Northern District of Texas, as provided by law.

Dated: December 9, 2020

Respectfully submitted,

By: /s/ *Christopher S. Dodrill*
Christopher S. Dodrill
State Bar No. 24110696
dodrillc@gtlaw.com
GREENBERG TAURIG, LLP
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601

Ian Ballon (*pro hac vice* forthcoming)
ballon@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue, 5th Floor
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of this **NOTICE OF REMOVAL** has been served upon the following by United States mail, first class postage prepaid, and email on December 9, 2020:

Bruce W. Steckler
Austin P. Smith
Paul D. Stickney
STECKLER WAYNE COCHRAN PLLC
12720 Hillcrest Road, Suite 1045 Dallas, TX 75230
bruce@swclaw.com
austin@swclaw.com
judgestick@gmail.com

*Counsel for Plaintiff*

/s *Christopher S. Dodrill*